E-FILED
Friday, 18 September, 2026 02:24:54 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CR-30063** |
| | ) | |
| **MICHAEL BELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Michael Bell's Motion for Sentence Reduction Under 18 U.S.C. Section 3582(c)(1)(A) (Compassionate Release) (d/e 47), in which he requests a reduction in sentence and immediate release, or such other relief as the Court deems just, pursuant to 18 U.S.C. Section 3582(c)(1)(A), as amended by the First Step Act of 2018. Considering the sentencing factors in 18 U.S.C. Section 3553(a) and Section 1B1.13 in the sentencing guidelines, the Defendant has not shown that such a reduction is warranted. Therefore, the Defendant's Motion (d/e 47) is DENIED.

## BACKGROUND

On October 5, 2021, a two-count Indictment was filed against the Defendant, charging the Defendant with distribution of 50 grams or more of methamphetamine (actual), all under 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A) at (d/e 1).

On November 5, 2021, the Initial Appearance, Arraignment, and Detention Hearing were held before U.S. Magistrate Judge Tom Schanzle-Haskins. See Minute Entry of November 5, 2021. The Defendant was ordered detained, and an Order of Detention was entered on November 12, 2021 at (d/e 12).

Ultimately on July 12, 2022, the Defendant entered pleas of guilty before Magistrate Karen L. McNaught. See Minute Entry of July 12, 2022. On July 13, 2022, Magistrate McNaught entered a Report and Recommendation on Plea of Guilty recommending that the Court accept the Defendant's pleas of guilty (d/e 21).

On November 18, 2022, the Sentencing Hearing was held and the Court sentenced the Defendant to the custody of the BOP for a term of 120 months on each of Counts 1 and 2 to run concurrently, imposed a 5-year term of Supervised Release as to each of Counts 1 and 2 to run concurrently and a $200 special assessment. A written

Judgment was entered on November 21, 2022. See Judgment (d/e 31).

On December 13, 2024, the Defendant filed a pro se Motion to Reduce Sentence – 821 Amendment (d/e 36). Pursuant to General Order 23-GO-00005, AFPD Thomas Drysdale was appointed to represent the Defendant. On January 3, 2025, AFPD Drysdale filed a Motion to Withdraw as Attorney (d/e 38). On January 6, 2025, a Text Order was entered by Judge Myerscough allowing AFPD Drysdale to withdraw (d/e 38) and denying the Defendant's Motion to Reduce Sentence (d/e 36). A written Judgment under 821 Amendment was entered on January 6, 2025, in accordance with the denial. See Judgment (d/e 39).

On January 27, 2025, the Defendant filed a pro se Motion to Reduce Sentence – First Step Act Amendment (d/e 41). On January 30, 2025, a Text Order was entered by this Court denying the Motion (d/e 41).

On January 30, 2025, the Defendant filed a second pro se Motion to Reduce Sentence (d/e 42). The Motion was denied by this Court on January 30, 2025, as the Smarter Sentencing Act (S. 1013) had not been codified into law. At this time, the Court adds that the

Smarter Sentencing Act of 2026 (S. 3959), introduced in Senate on 3/2/2026, is also a bill and has not been codified.

On February 3, 2025, the Defendant filed a pro se Motion to Modify Sentence Pursuant to 18 U.S.C. Section 3582(c)(2) at (d/e 43). On February 4, 2025, this Court entered a Text Order denying Defendant's Motion.

On January 15, 2026, the Defendant filed a pro se Motion to Reduce Sentence – Amendment 829 at (d/e 44). On January 26, 2026, this Court entered a Text Order denying this Motion.

On July 21, 2026, the Defendant filed the pending pro se Motion for Compassionate Release (d/e 47). Defendant Bell is being detained at FCI Victorville Medium II, Adelanto, CA in federal custody of the Bureau of Prisons. The Defendant's Motion requests compassionate release due to: (1) self-help classes, drug education cases, and completion of his GED while in the Bureau of Prisons and (2) the guideline disparity between pure methamphetamine and a substance containing methamphetamine.

In addition, Defendant Bell has filed several motions or requests recently for case transcripts and documents, as well as the unsealing of sealed documents. Those requests and motions have been

addressed and rulings have been rendered. Most recently, the Court rendered a ruling (d/e 51) denying the unsealing of documents and addressing the ordering of transcripts. The Defendant has again requested transcripts of hearings which have not been transcribed. As previously outlined, the court reporter has submitted an estimate to Mr. Bell to transcribe the requested hearings into a transcript. As it appears from the letter (d/e 52), the Defendant is requesting a form of payment to be provided to the court reporter. The Court will not further address the issue of transcripts and only confirms receipt of the letter (d/e 52).

On July 22, 202, the Court entered a Text Order (d/e 48) directing the Government to file a response to Defendant Bell's Motion (d/e 47) no later than August 24, 2026. On August 24, 2026, the Government filed a Response (d/e 50) opposing the Defendant's Motion (d/e 47). Although the Government states that it is unclear whether the Defendant has exhausted his remedies in this case, it does respond as if the Defendant has exhausted his remedies. The Government argues this Court should deny the Defendant's Motion for Compassionate Release because he has failed to establish

extraordinary and compelling circumstances justifying compassionate release.

**LEGAL STANDARD**

A Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. Section 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

**ANALYSIS**

As an initial matter, the Government states that the Defendant claims he filed a request for compassionate relief with the BOP that was denied. However, the BOP does not have any records regarding the Defendant's request. The Government is unclear whether the Defendant has exhausted his remedies in this case. However, the Government goes on to state that as the issues raised by the Defendant are easily dealt with, it will respond as if the Defendant has exhausted his remedies (d/e 50, p. 5).

The Court agrees with Government's position that Defendant has not met the exhaustion requirement with clear documentation. However, the Court will proceed on the merits of the Defendant's motion--specifically, the Court will consider whether the Defendant has presented extraordinary and compelling reasons warranting compassionate release and a reduction in sentence.

**A. Extraordinary Rehabilitation.**

The Court commends the Defendant for his accomplishments during his time in BOP and encourages him to continue to enhance his education and workforce skills. While the Defendant is improving his education and life skills, this is a choice that will be beneficial to him throughout his lifetime and upon his release from imprisonment. However, it does not warrant compassionate release.

**B. Sentencing Disparity Between Pure (Actual) Methamphetamine and a Mixture or Substance Containing Methamphetamine.**

The Court did take into consideration the disparity between pure methamphetamine and a substance containing methamphetamine at the Defendant's sentencing. However, the Defendant was sentenced pursuant to the career offender guideline.

The Defendant was sentenced to the mandatory minimum from which the Court did not have discretion to depart. Therefore, the issue of his ordered sentence being affected by the disparity between pure methamphetamine and a mixture or substance containing methamphetamine is not grounds for a sentence reduction.

As stated, the Court commends the Defendant for his efforts at rehabilitation. However, the Defendant has a long criminal history. The Defendant's likelihood of recidivism is high. While the Court hopes for the best as to the Defendant's rehabilitation, it cannot allow his early release or any reduction of his sentence as he does not meet the criteria.

After a review of the Defendant's Motion for Compassionate Release (d/e 47) and the Government's Response (d/e 50), the Court finds that the Defendant has not demonstrated compelling or extraordinary reasons for release.

The Court, therefore, finds that a reduced sentence in this case would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). The Court also finds that a reduced sentence would not "promote respect for the law," or "provide just punishment for the offense." Id. In addition, a reduction would

not provide adequate deterrence to criminal conduct of the Defendant.

## CONCLUSION

For the reasons set forth above, Defendant Michael Bell's Motion for Compassionate Release (d/e 47) is DENIED. In addition, as the Defendant has recently sent a letter (d/e 52) addressing the issue of purchasing certain transcripts and the unsealing of sealed documents, the Clerk is DIRECTED to send a copy of this Court's Text Order (d/e 51) to the Defendant which was previously sent to him on August 25, 2026.

**IT IS SO ORDERED.**

**ENTERED: September 17, 2026**

**FOR THE COURT:**

s/ *Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**